**REACH & ASSOCIATES, P.C. and, Bird & Associates, P.C., Plaintiffs,**

v.

**F. Tayton DENCER, Imperial Rubber Industries, Inc., Imperial Rubber Development Co., Inc., Imperial Rubber Holdings, Inc., and John Does 1–2 Defendants.**

No. CIV.A.02–1355–JJF.

United States District Court, D. Delaware.

June 19, 2003.

Timothy Jay Houseal, Esquire of Young Conaway Stargatt & Taylor L.L.P., Wilmington, DE, Of Counsel: Wendel R. Bird, Esquire of Wendell R. Bird, P.C., Atlanta, Georgia. Russell P. Reach, Esquire of Reach & Associates, P.A., Greenville, South Carolina, for Plaintiffs.

David S. Eagle, Esquire of Klehr, Harrison, Harvey Branzburg & Ellers, L.L.P., Wilmington, DE, Of Counsel: David A. French and Sonal Hope Mithani, Esquires of Miller, Canfield, Paddock and Stone, P.L.C., Ann Arbor, Michigan, for Defendants.

### MEMORANDUM OPINION

FARNAN, District Judge.

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (D.I. 21). For the reasons set forth below, the motion will be granted in part and denied in part.

## I. Background

Plaintiffs bring contract and tort claims against the Defendants. These claims stem from a dispute over legal services provided by Plaintiffs to Defendant Imperial Rubber Industries, Inc. ("IRI"). Specifically, Plaintiffs filed their initial Complaint against Defendants on August 25, 2002, alleging: 1) breach of contract; 2) promissory estoppel; 3) action on account; 4) fraudulent transfer and fraud; 5) interference with contract and with business advantage; 6) alter ego and piercing the corporate veil; and 7) single enterprise, agency and respondeat superior liability. (D.I. 1). On October 7, 2002, Plaintiffs filed an Amended Complaint against Defendants alleging the same causes of action against Defendants. (D.I. 11). Subsequently, on October 17, 2002, Defendants filed a motion to dismiss the original Complaint based on a lack of personal jurisdiction and improper venue. (D.I. 18). Thereafter, on October 23, 2002, Defendants filed a second motion to dismiss the Amended Complaint based on the same grounds. (D.I. 21).

## II. Parties' Contentions

Defendants contend in their second motion to dismiss that the Complaint should be dismissed due to lack of personal jurisdiction and improper venue. First, Defendants argue that Plaintiffs bear the burden of establishing jurisdiction over Defendants F. Tayton Dencer ("Dencer") and Imperial Rubber Holdings, Inc. ("IRH") since they are nonresidents and that Plaintiffs, by their Complaint have not satisfied this burden. Specifically, Defendants contend that Plaintiffs have not shown suffi-

cient contacts under either the Delaware long-arm statute or the Due Process Clause of the United States Constitution.

Defendants argue that Plaintiffs cannot demonstrate that Defendants IRH and Dencer have sufficient contacts to confer either general or specific jurisdiction because Dencer's only contact with Delaware is that he is the CEO and President of Imperial Rubber Industries, Inc. ("IRI") and Imperial Rubber Development Co., Inc. ("IRD") which are incorporated in Delaware. Further, Defendants point out that Dencer does not reside in Delaware nor does he retain an office here. Additionally, Defendants contend that Dencer does not have any property or bank accounts in Delaware, has never visited Delaware, and has never driven through the state on his way to other locations. Based on this, Defendants argue that Plaintiffs have no personal jurisdiction over Defendant Dencer.

Additionally, Defendants argue that IRH also does not have sufficient contacts with Delaware in order to establish personal jurisdiction over it. Specifically, Defendants contend that IRH is a Nevada corporation that does no business in Delaware. It does not sell any of its products to consumers in Delaware, and it does not seek financing opportunities, advertise or solicit any business in Delaware. As a result, Defendants argue that Plaintiffs cannot establish jurisdiction over Defendants Dencer or IRH for purposes of the Delaware long-arm statute. Additionally, Defendants argue that Plaintiffs fail to show that the exercise of jurisdiction over Dencer and IRH comports with the requirements of the Due Process Clause because none of their conduct would give either of them cause to believe that they would be sued in Delaware.

In regard to venue, Defendants argue that all claims against all Defendants must be dismissed because Delaware is not a proper venue under 28 U.S.C. § 1391, because none of the Defendants reside in the same state and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in California, not Delaware. Specifically, Defendants contend that Plaintiffs' claims have much stronger ties to California, where: 1) the letters purportedly establishing an engagement agreement between Plaintiffs and Defendant IRI were sent to California; 2) Plaintiffs' services were provided primarily in California; 3) many of the documents concerning this lawsuit are located in California; 4) the invoices for payment were sent to California; and 5) Plaintiffs were paid with checks written in California and drawn on a California bank account. Based on these facts, Defendants contend that Plaintiffs' claims should be dismissed for improper venue.

In response, Plaintiffs contend that the Court does have personal jurisdiction over Defendants Dencer and IRH. Specifically, Plaintiffs contend that under the Delaware long-arm statute, the Delaware corporations transacted business in the state, and the other Defendants were alter egos, or a single enterprise with them. Further, Plaintiffs contend that the assertions necessary to allege a piercing of the corporate veil, or establishing an alter ego for purposes of responding to a motion to dismiss have been met and that the nonresident Defendants should be considered the alter egos of the Delaware Defendants. For instance, Plaintiffs argue that the Amended Complaint alleges numerous instances of commingling, fraudulent transfers, and disregard of separate corporate structures. Also, in regard to Defendant Dencer, Plaintiffs argue that an officer as well as another corporation may be liable under the alter ego theory. Further, Plaintiffs argue that the Delaware requirements for

the single enterprise theory or agency are met in the instant case and that the other Defendants comprise the remainder of the single enterprise with the Delaware Defendants. Finally, Plaintiffs argue that venue is appropriate in Delaware and is as good as or better than anywhere else, given that the alter ego or single enterprise involves Nevada and Indiana corporations.

## III. Personal Jurisdiction

### A. Applicable Legal Standard

■ In order for personal jurisdiction to exist two requirements, one statutory and one constitutional, must be satisfied. First, a district court may assert personal jurisdiction over a nonresident of the state in which the district court sits to the extent authorized by the law of that state. Fed.R.Civ.P. 4(e). Thus, the Court must determine whether there is a statutory basis for exercising jurisdiction under the Delaware long-arm statute. *See* 10 *Del. C.* § 3104(c).

■ Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction would violate the nonresident Defendants' constitutional rights to due process. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Defendants move pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Although a plaintiff is entitled to have all reasonable inferences drawn in its favor, it bears the burden of alleging facts sufficient to make a prima facie showing that personal jurisdiction exists over the Defendants. *See Applied Biosystems, Inc. v. Cruachem, Ltd.,*

772 F.Supp. 1458, 1462 (D.Del.1991). Specifically, "[o]nce a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction." *Provident National Bank v. California Federal Savings & Loan Assoc.,* 819 F.2d 434, 437 (3d Cir.1987). To satisfy this burden, the plaintiff must establish either specific jurisdiction or general jurisdiction. Specific jurisdiction arises when the particular cause of action arose from the defendant's activities within the forum state; general jurisdiction arises when the defendant has continuous and systematic contacts with the state, irrespective of whether the defendant's connections are related to the particular cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

### B. Discussion

■ At the outset, and despite Defendants' contentions, the Court concludes that there is no question that the Court has personal jurisdiction over IRI and IRD, which are Delaware corporations and John Does 1 and 2 which are corporations or limited liability companies that are citizens of Delaware as alleged in the Amended Complaint.[1] *See American Bio Medica Corp. v. Peninsula Drug Analysis Co., Inc., et al.,* Civ.A. 99–218–SLR, 1999 WL 615175 at *2 (D.Del. August 3, 1999) (noting that there is no question that the court can exercise personal jurisdiction over a Delaware corporation). Therefore, the focus of the Court's discussion will be on the

---

1. The Amended Complaint alleges that John Does 1–2 are corporations or limited liability companies that are citizens of Delaware or alternatively California and which may be served by service on its registered agent when

identified. Defendants do not contest these allegations in the papers submitted. As a result, the Court will accept these allegations as true.

exercise of personal jurisdiction over the remaining nonresident Defendants IRH and Dencer.

In this case, the Plaintiffs contend that there is personal jurisdiction over Defendant Dencer under the Delaware long-arm statute. Additionally, they assert that the Court has personal jurisdiction over the nonresident Defendants, IRH and Dencer because they are alter egos of Defendants IRI, IRD and John Does 1–2. Alternatively, Plaintiffs contend that IRH and Dencer are subject to personal jurisdiction through agency principles.

Plaintiffs contend that under the provisions of the Delaware long-arm statute, Defendant Dencer: 1) transacted business in the State; 2) caused tortious injury in the State by an act or omission within the State; and 3) caused a tortious injury in the State or outside the State by an act or omission outside the State and regularly did and solicited business, engaged in a persistent course of conduct or derived substantial revenue from services in the State of Delaware. (D.I. 26 at 5). Plaintiffs further assert that because IRH and Dencer were the Delaware corporations' alter egos or were a single enterprise with them, the Delaware long-arm statute reaches them. *Id.* at 6.

### 1. Delaware Long–Arm Statute

 In relevant part, the Delaware long-arm statute provides:

c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5) Has an interest in, uses or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 *Del. C.* § 3104(c)(1)-(6).

The Plaintiffs contend that there is jurisdiction over Defendant Dencer under 10 *Del. C.* § 3104(c)(1), (c)(3) and (c)(4). (D.I. 26 at 5). In order for a court to exercise jurisdiction under Subsections (c)(1) and (c)(3), some act must actually occur in Delaware. *See Applied Biosystems,* 772 F.Supp. at 1465–68. In this case, any contacts that Defendant Dencer had with Delaware have occurred solely in connection with IRI and IRD, the Delaware corporations for which he was President and CEO, and this situation implicates the applicability of the fiduciary shield doctrine.

 The purpose of the fiduciary shield doctrine is to prohibit acts performed by an individual in the individual's capacity as a corporate employee from serving as the basis for personal jurisdiction over that individual. However, the fiduciary shield doctrine is not an absolute bar to personal jurisdiction over a corporate employee. *See Mobil Oil Corp. v. Advanced Environmental Recycling Technologies,* 833 F.Supp. 437, 443 (D.Del.

1993). Rather, all forum related contacts, including those taken in an employee's fiduciary capacity, should be considered in determining whether personal jurisdiction exists over the individual. *Id.* Thus, the Court concludes that the fact that Defendant Dencer has only acted through his corporations is insufficient to bar personal jurisdiction. Thus, all of Defendant Dencer's actions must be examined in determining whether the Court has personal jurisdiction over him, including the actions he took in his fiduciary or corporate capacity.

While examining an individual's conduct, including actions in his fiduciary capacity, the Court must be mindful of the requirement of Subsections (c)(1) and (c)(3) of the Delaware long-arm statute that the transactions, acts or omissions occur in the State of Delaware. Thus, in order for any act to be relevant in a personal jurisdiction analysis under Subsections (c)(1) or (c)(3), the individual's acts, even as a fiduciary, must occur in Delaware.

The Complaint alleges that:

He transacted business in the State of Delaware in connection with all activities of the following corporations and in connection with all the legal services described herein, and caused tortious injury in the state of Delaware . . .

Amended Complaint, D.I. 11, ¶ 3. However, the only activity alleged in the Complaint that is specific to Delaware, is the incorporation of IRI and IRD. Absent actual conduct in Delaware, Defendant Dencer's position as President and CEO of IRI and IRD would be insufficient to establish jurisdiction. This conclusion is consistent with the Court's rationale in *Mobil.* In *Mobil,* the Court evaluated personal jurisdiction under Subsection (c)(3) as it pertained to three employees of Mobil. In finding jurisdiction over two of the employees, the Court focused on the acts the parties committed in Delaware and not the mere fact that they were employed by a company that was subject to Delaware's jurisdiction. For example, the Court exercised personal jurisdiction over Mobil's General Counsel because he directed the filing of Mobil's declaratory judgment action and attended a deposition in Delaware related to the litigation. In declining to exercise jurisdiction over another Mobil employee, the Court emphasized that the employee had not performed any act in connection with the subject matter of the litigation in Delaware.

Aside from the filing of the incorporation papers for IRD and IRI, Defendant Dencer has not performed any actions in Delaware. He owns no property in Delaware, has no bank accounts in Delaware, and has never visited Delaware. (D.I. 19 at 2). The only contact Defendant Dencer had with Delaware, is the incorporation of IRD and IRI. Indeed, there is no allegation that Defendant Dencer performed any activity in Delaware, in his fiduciary capacity, or otherwise, that relates to any of the underlying claims asserted against him that would, in the Court's view, be sufficient to establish personal jurisdiction. Therefore, as applied to Defendant Dencer, the Court concludes that the jurisdictional prerequisite required by Subsections (c)(1) and (c)(3) has not been satisfied.[2]

2. *See, e.g., TriStrata Technology, Inc. v. Neoteric Cosmetics, Inc.,* 961 F.Supp. 686, 690 (D.Del.1997) (holding that defendant's position as president, stockholder and researcher for company subject to Delaware's jurisdiction "would be insufficient to establish jurisdiction over defendant."); *Joint Stock Society*

*"Trade House of Descendants of Peter Smirnoff, Official Purveyor to Imperial Court" v. Heublein,* 936 F.Supp. 177, 185 (D.Del.1996) (finding that third-party defendants' acts of filing a lawsuit and incorporating a company in Delaware were not sufficient to confer personal jurisdiction where the acts did not

 Unlike Subsections (c)(1) and (c)(3) of the Delaware long-arm statute, Subsection (c)(4) provides for general jurisdiction. Although this section authorizes jurisdiction even when the tortious acts and the injury occurred outside of Delaware, the defendant or its agent must still be "generally present" in the state. *See Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F.Supp. 1458, 1462, 1468 (D.Del. 1991). As stated in the long-arm statute, this "general presence" requires that the defendant or agent "regularly does or solicits business, engages in any other persistent course of conduct in the State, or derives substantial revenue from services, or things consumed in the State." 10 *Del. C.* § 3104(c)(4). While seemingly broad, the standard for general jurisdiction is high in practice and not often met. *See Sears, Roebuck & Co. v. Sears plc*, 744 F.Supp. 1297, 1300, 1304 (D.Del.1990) (citations omitted).

The Complaint alleges that Defendant Dencer "caused tortious injury outside of the State by acts and omissions outside the State and regularly did and solicited business, engaged in a persistent course of conduct in the State, or derived substantial revenue from services in the State of Delaware." (D.I. 11, Amended Complaint at ¶ 3). However, there are no allegations that any of the Delaware corporations did or solicited any business, or had any other connection to Delaware outside of their incorporation. Further, as discussed above, Defendant Dencer as an individual is not alleged to have engaged in any conduct in Delaware, let alone the high standard of a "persistent course of conduct" required under Subsection (c)(4).

Moreover, the only connection that Defendant Dencer had or has with the State of Delaware is in his official capacity as President of IRI and IRD which are incorporated in Delaware. Thus, the Court concludes Plaintiffs' recitation of the standard for the Delaware long-arm statute in their Complaint, without any factual specificity as to the acts that support such an allegation, is not sufficient to confer jurisdiction under Subsection (c)(4) of the Delaware long-arm statute. *See, e.g., TriStrata Technology, Inc.*, 961 F.Supp. at 690 (finding no general jurisdiction where defendant was president, stockholder and researcher for a company subject to Delaware's jurisdiction without anything else).

In sum, the Court concludes that no personal jurisdiction exists over the Defendant Dencer under the Delaware long-arm statute. Because of this conclusion, the Court will not analyze whether personal jurisdiction over Defendant Dencer comports with Due Process. Additionally, Plaintiffs concede that nonresident Defendant IRH has no direct contacts with Delaware because it is a Nevada corporation that does no direct business in Delaware. Rather, Plaintiffs contend there is jurisdiction over IRH pursuant to the alter ego theory or through agency principles. Thus, the Court will consider these theories of jurisdiction as they relate to nonresident Defendants, Dencer and IRH.

### 2. Alter Ego

 Plaintiffs contend that there is personal jurisdiction over IRH and Dencer under the alter ego theory of jurisdiction. Delaware courts apply the alter ego theory

---

cause the "tortious injury" that formed the basis of the complaint); *see also Little Switzerland, Inc. v. Destination Retail Holdings Corp.*, 1999 WL 223496, at *6, 1999 U.S. Dist. LEXIS 5058 at *21 (D.Del. Mar. 31, 1999) (noting that a single act of incorporation in Delaware will suffice to confer personal jurisdiction over a nonresident dependent responsible for the transaction if the activity in Delaware is "an integral component to the total transaction to which plaintiff's cause of action relates.") (citation omitted).

strictly and analyze and employ a similar analysis when deciding whether it is appropriate to pierce the corporate veil. *HMG/Courtland Properties, Inc. v. Gray*, 729 A.2d 300, 307 (Del.Ch.1999). Two "critical elements" must be considered in determining if this theory applies:

> 1) whether the [foreign] defendant over whom jurisdiction is sought has no real corporate identity from a defendant over whom jurisdiction is clear ...; 2) the existence of acts in [the forum] which can be fairly imputed to the [foreign] defendant and which satisfy the [state's] long-arm statute and/or federal due process requirements.

*Greene v. New Dana Perfumes, Corp., et al.*, 287 B.R. 328, 343 (D.Del.2002) (quoting *HMG/Courtland Properties, Inc. v. Gray*, 729 A.2d 300, 307 (Del.Ch.1999)).

Applying this standard to the facts of this case, Plaintiffs have alleged sufficient facts in their Amended Complaint, for purposes of this motion, to demonstrate that IRD, IRI and John Does 1–2 do not have a separate corporate existence from Defendants Dencer or IRH. For example, Plaintiffs, allege in their Amended Complaint that Dencer, IRI, IRD and IRH transferred funds and other assets to John Does 1–2, at times when the Defendants were insolvent. Further, Plaintiffs allege that Defendant Dencer used IRI and IRD funds for personal uses such as travel, entertainment and leasing cars for family and friends. Additionally, Plaintiffs allege that IRI sold IRD stock in order to create a false impression of capital infusion. (D.I. 11 ¶ 29, 30, 31). The Court concludes that Plaintiffs' allegations of commingling, fraudulent transfers and disregard of the separate corporate structure of the Delaware corporations are sufficient to demonstrate that IRI, IRD and John Does 1–2 did not have a separate corporate exis-

tence apart from Defendants Dencer or IRH.

However, the Court concludes that Plaintiffs have not alleged sufficient facts to withstand the second prong of the personal jurisdiction inquiry under the alter ego theory. The second part of the analysis is "whether the existence of acts in [the forum] which can be fairly imputed to the [foreign] defendant and which satisfy the [state's] long-arm statute and/or federal due process requirements." *Greene v. New Dana Perfumes, Corp., et al.*, 287 B.R. 328, 343 (D.Del.2002) (citing *HMG/Courtland Properties, Inc. v. Gray*, 729 A.2d 300, 307 (Del.Ch.1999)). Plaintiffs allege that Defendant Dencer and the Corporate Defendants "caused tortious injury in the State of Delaware," "regularly did business and solicited business", "engaged in a persistent course of conduct in the State," and "derived substantial revenue from services in the State of Delaware." (D.I. 19 at 5, D.I. 11 ¶ 3). Plaintiffs do not elaborate on these allegations with any factual specificity. The only specific factual assertion concerning Delaware is that IRI, IRD and John Does 1–2 are incorporated or are residents of Delaware. All of the allegations pled in the Complaint describe acts that do not involve Delaware, such as the signing of agreements and fraudulent transfer of funds. Thus, the Court concludes that there is no Delaware act by Defendants Dencer or IRH, other than IRI, IRD and John Doe's Delaware identities themselves. Here, the incorporation of IRI and IRD and the formation of John Doe's 1–2 predated the actions alleged in the Complaint. That is, the incorporation and/or formations in Delaware had nothing to do with the underlying claims of the Plaintiffs. Therefore, the Court concludes that there are no acts in *Delaware* which can be fairly imputed to the nonresident Defendants, and as a result, Plaintiffs' second ground for personal

jurisdiction over Defendants IRH and Dencer must be rejected. *See, e.g., IM2 Merchandising & MFG, Inc. v. Tirex Corp.*, 2000 WL 1664168 at \*4, 2000 Del. Ch. Lexis 156 at \*14 (Del. Ch. Nov. 2, 2000) (holding that Plaintiffs did not satisfy the second prong of the alter ego theory inquiry because they admitted that none of the conduct complained of took place in Delaware). Because of its conclusion, the Court will not analyze whether the acts alleged satisfy Delaware's long-arm statute and/or federal Due Process requirements.

### 3. Agency Principles

 The third ground that Plaintiffs assert for the exercise of personal jurisdiction over Defendants Dencer and IRH are agency principles. As explained by the Court in *Applied Biosystems*, the agency theory

> examines the degree of control which the parent exercises over the subsidiary...The factors relevant to this determination include the extent of overlap of officers and directors, methods of financing, the division of responsibility for day-to-day management, and the process by which each corporation obtains its business. No one factor is either necessary or determinative; rather it is the specific combination of elements which is significant.... If any agency relationship is found to exist, courts will not ignore the separate corporate identities of the parent and subsidiary, but will consider the parent corporation responsible for specific jurisdictional acts of the subsidiary.

772 F.Supp. at 1463. However, an agency relationship alone, is not sufficient to confer jurisdiction. *Id.* at 1464. Rather, Plaintiffs must establish that the activities directed or controlled by IRC, IRD and John Does 1–2 are the jurisdictional acts of Defendants Dencer and IRH. *See, e.g.,*

*Cordis Corp. v. Advanced Cardiovascular Systems, Inc., et al.*, Civ. A. No. 97–635–SLR, 1999 WL 805284, at \*5–6, 1999 U.S. Dist. Lexis 15527 at \*17–18 (D.Del. September 17, 1999) (finding agency relationship but no jurisdictional acts and granting a motion to dismiss for lack of personal jurisdiction). Although the Plaintiffs have, as explained previously, for the purposes of this motion, demonstrated an absence of corporate formalities among the Defendants, Plaintiffs have failed to show that any of the actions alleged by the Complaint are jurisdictional acts, that is, none of the behavior underlying the Plaintiffs' claims occurred in Delaware. Therefore, the Court concludes agency principles do not confer personal jurisdiction over Defendants Dencer and IRH.

Therefore, after considering Plaintiffs' theories of jurisdiction, the Court concludes that the motion to dismiss for lack of personal jurisdiction must be granted as to Defendants Dencer and IRH, for the reasons discussed; however, the Court will deny the Plaintiffs' motion with respect to the remaining Defendants.

### IV. Venue

 Defendants also move for dismissal due to improper venue pursuant to Rule 12(b)(3). The propriety of venue is governed by 28 U.S.C. § 1391(a), which provides in pertinent part:

> A civil action founded only on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is com-

menced, if there is no district in which the action may otherwise be brought. *Id.* By their Complaint, the Plaintiffs allege that venue is proper under 28 U.S.C. § 1391, because "[a]ll or most of the Defendants are subject to personal jurisdiction in this District." (D.I. 11 at 3 ¶ 10). The Court has concluded that it does not have personal jurisdiction over Defendants IRH and Dencer, but jurisdiction does exist over Defendants IRI, IRD and John Does 1–2. IRI and IRD are corporations incorporated under the laws of Delaware. John Does 1–2 are claimed in the Complaint to be corporations or limited liability companies who are citizens of Delaware or California. Based on these assertions, the Court concludes that venue is proper against the remaining Defendants in this district because all of them reside in the same state, Delaware. For these reasons, the Court will deny the Defendants' motion to dismiss for lack of improper venue.

An appropriate Order will be entered.

### *ORDER*

At Wilmington this 19th day of June, 2003, for the reasons set forth in the Memorandum Opinion issued this date;

NOW THEREFORE IT IS HEREBY ORDERED that:

1) Defendants' Motion To Dismiss Based on Lack of Personal Jurisdiction (D.I.21) is *GRANTED* as to Defendants F. Tayton Dencer and Imperial Rubber Holdings, Inc. and *DENIED* as to Defendants Imperial Rubber Industries, Inc., Imperial Rubber Development, Co., Inc., and John Does 1–2;

2) Defendants' Motion to Dismiss for Improper Venue (D.I. 21) is *DENIED;*

3) Defendants' Motion to Dismiss the Original Complaint (D.I. 18) is *DENIED* as moot;

4) Defendants' Motion for a Protective Order To Stay Discovery Pending Resolution of Defendants' Motion to Dismiss (D.I. 38) is *DENIED* as moot.