CC INVESTORS CORP., on behalf of itself and all others similarly situated, Plaintiff,

v.

RAYTHEON COMPANY, Raytheon Travel Air Company, Flight Options, LLC, and Flight Options International, Inc., Defendants.

No. CIV.A.03–114 JJF.

United States District Court, D. Delaware.

Nov. 25, 2003.

Barry M. Klayman, Esquire of Wolf, Block, Schorr and Solis–Cohen LLP, Wilmington, DE. Of Counsel: Theodore R. Mann, Esquire, Michael D. LiPuma, Esquire of Wolf, Block, Schorr and Solis–Cohen LLP, Philadelphia, PA, for Plaintiff and the Putative Class.

Jesse A. Finkelstein, Esquire, Richard P. Rollo, Esquire, Paul D. Brown, Esquire of Richards, Layton & Finger, P.A., Wilmington, DE. Of Counsel: R. Stan Mortenson, Esquire, David A. Super, Esquire, Christopher T. Stidvent, Esquire of Baker, Botts LLP, Washington, D.C., for Defendants Ray-

theon Company and Raytheon Travel Air Company.

### MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is Raytheon Company's ("Raytheon") And Raytheon Travel Air Company's ("Travel Air") Motion To Dismiss Count II Of The Complaint For Failure To State A Claim And Travel Air's Motion To Dismiss For Lack Of Personal Jurisdiction. (D.I.15.) For the following reasons, the Court will deny the motions.

### BACKGROUND

The dispute in this case arises from Plaintiff's fractional ownership interests in aircraft originally owned and operated by Travel Air, a wholly owned subsidiary of Raytheon. Various agreements (the "Governing Documents") between Travel Air and Plaintiff obligated Travel Air to provide maintenance and other services to the aircraft in which Plaintiff held fractional ownership interests. The Governing Documents also prohibited Travel Air's assignment of its obligations to any entity not "fully capable or qualified" of fulfilling Travel Air's duties to Plaintiff.

Raytheon and Flight Options, a Delaware corporation, entered into a merger agreement whereby Raytheon allegedly directed Travel Air to assign the obligations it owed to Plaintiff to a newly created entity, Flight Options LLC (the "LLC"). Subsequent to this transfer, the LLC began experiencing financial difficulties and Plaintiff filed the instant lawsuit. By their Motion (D.I.15), Raytheon and Travel Air move to dismiss Count II of Plaintiff's Amended Complaint (the "Amended Complaint"), breach of contract, for failure to state a claim pursuant to Rule 12(b)(6). Travel Air also moves to dismiss the Amended Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2).

### STANDARDS OF REVIEW

#### I.  Lack Of Personal Jurisdiction

When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in plaintiff's favor. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).

#### II.  Failure To State A Claim

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir.2000). A court may grant a defendant's motion to dismiss only if it appears that the plaintiff could prove no set of facts that would entitle them to relief. *Id.*

### DISCUSSION

#### I.  Whether The Court Has Personal Jurisdiction Over Travel Air

Travel Air contends that there is no basis for general or specific jurisdiction over it in Delaware. Further, Travel Air contends that Plaintiff's jurisdictional argument fails because it is based upon the creation of the LLC, yet Plaintiff does not allege that Travel Air is responsible for the creation of the LLC. Travel Air also contends that there is no need for jurisdictional discovery. In response, Plaintiff contends that because Travel Air participated in the creation of the LLC by assigning its assets and obligations to the LLC, personal jurisdiction exists over Travel Air.

To establish personal jurisdiction, a party must allege facts sufficient to satisfy two requirements: one statutory and one constitutional. *Reach & Assoc., P.C. v. Dencer*, 269 F.Supp.2d 497, 502 (D.Del.2003). According to the relevant portions of Delaware's Long–Arm Statute, 10 Del. C. § 3104, a court may exercise jurisdiction over any nonresident who (1) transacts business in Delaware or (2) contracts to supply services or things in the state. 10 Del. C. § 3104(c)(1)-(2). Personal jurisdiction may be asserted over a single act related to Delaware, provided the resulting claim has its basis in the asserted transaction. *J. Jeffreys*

*v. M. Exten,* 784 F.Supp. 146, 151 (D.Del. 1992). Applying these principles in light of the standard of review provided for in Federal Rule of Civil Procedure 12(b)(2), the Court will deny Travel Air's Motion because Plaintiff has alleged facts sufficient to support personal jurisdiction over Travel Air.

In its Amended Complaint (D.I.7), Plaintiff alleges that Travel Air participated in the formation of the LLC by capitalizing it with the aircraft interests in which Plaintiff held fractional ownership interests. Plaintiff alleges that Travel Air knew that the LLC was not financially "qualified and capable" of performing the duties Travel Air owed to Plaintiff, but nevertheless assigned its obligations to the LLC thereby breaching the Governing Documents. Based upon these allegations, the Court concludes that Plaintiff has sufficiently demonstrated for the purposes of Rule 12(b)(2) that Travel Air's alleged breach of contract arose out of the capitalization and formation of the LLC, a Delaware entity. The LLC was formed in Delaware, and the breach of contract claim was a direct result of that act. Accordingly, the Court concludes that Plaintiff has alleged facts sufficient to support personal jurisdiction over Travel Air.

## II. Whether Plaintiff Has Stated A Claim Upon Which The Court Can Grant Relief

### A. *Whether Plaintiff Alleged An Actionable Claim Against Raytheon*

Raytheon contends that Plaintiff failed to state a claim against it because Raytheon was not a party to the Governing Documents. Raytheon also contends that Plaintiff failed to allege a sufficient basis for its agency theory. Further, Raytheon contends that Plaintiff cannot allege that it breached the Merger Agreement because Raytheon was not a party to that agreement. In response, Plaintiff contends that it alleged facts demonstrating the existence of an agency relationship sufficient to hold Raytheon liable for Travel Air's alleged breach of contract.

■ To establish an agency relationship to hold a principal liable for its agent's breach of contract, a party must show that an "ar-rangement exists between the two corporations ... [and] the arrangement must be relevant to the plaintiff's claim of wrongdoing." *Phoenix Canada Oil Co., Ltd. v. Texaco, Inc.,* 842 F.2d 1466, 1476–78 (3d Cir.1988); *Mobil Oil Corp. v. Linear Films, Inc.,* 718 F.Supp. 260, 266 n. 10 (D.Del.1989). Applying these principles under the Rule 12(b)(6) standard of review, the Court will deny Raytheon's Motion.

■ In paragraph 12 of its Amended Complaint, Plaintiff alleges that Raytheon directed Travel Air's assignment of obligations to the LLC. Further, in paragraph 40 of the Amended Complaint, Plaintiff alleges that it was Travel Air's assignment which led to the instant action against Raytheon. Accordingly, the Court concludes that Plaintiff's allegations in paragraphs 12 and 40 sufficiently plead the existence of an agency relationship that is relevant to Plaintiff's claim of wrongdoing. *See Phoenix,* 842 F.2d at 1476–78; *Mobil,* 718 F.Supp. at 266 n. 10. Therefore, the Court will deny Raytheon's Rule 12(b)(6) motion to dismiss.

### B. *Whether Plaintiff Alleged An Actionable Claim Against Travel Air*

■ Travel Air contends that the Court should dismiss Count II against it because Plaintiff did not allege in its Amended Complaint that Travel Air had breached a contractual duty Travel Air owed to Plaintiff. In response, Plaintiff contends that it has alleged facts sufficient to survive Travel Air's Motion because it alleged facts amounting to a breach of the Governing Documents.

Article 11.2 of the Aircraft Purchase Agreement provides that Travel Air shall not assign its interests except to an entity "fully qualified and capable of fulfilling [Travel Air's] obligations under the Governing Documents." (D.I. 16; Ex. A.) Included in Travel Air's obligations under the Governing Documents is its duty to "keep and maintain the Aircraft in good operating condition ... and in such condition as shall be necessary to maintain in good standing the airworthiness certification of the Aircraft." *Id.* at Ex. B. After reviewing Plaintiff's Amended Complaint, the Court concludes that Plaintiff has

adequately pled Travel Air's breach of the Governing Documents.

In paragraphs 60–63 of its Amended Complaint, Plaintiff alleges that the LLC was not financially capable of fulfilling Travel Air's obligations under the Governing Documents. Plaintiff alleges that the LLC's financial problems prevent it from providing the proper maintenance of the aircrafts in which Plaintiff holds fractional ownership interests. Therefore, Plaintiff alleges that the LLC was not an entity "fully qualified and capable" of fulfilling Travel Air's obligations. The Court concludes that these allegations sufficiently plead a breach of the Governing Documents. Accordingly, the Court will deny Travel Air's Motion to Dismiss.

## CONCLUSION

For the reasons discussed, the Court will deny Raytheon and Travel Air's Motion to Dismiss Count II of Plaintiff's Complaint for Failure to State a Claim. Also, the Court will deny Travel Air's Motion to Dismiss For Lack of Personal Jurisdiction.

An appropriate Order will be entered.

## *ORDER*

WHEREAS Raytheon Company ("Raytheon") and Raytheon Travel Air Company ("Travel Air") filed a Motion To Dismiss Count II Of The Complaint For Failure To State A Claim And Raytheon Travel Air Company's Motion To Dismiss For Lack Of Personal Jurisdiction (D.I.15);

NOW THEREFORE, IT IS HEREBY ORDERED this 25th day of November, 2003, that:

1) Raytheon and Travel Air's Motion to Dismiss Count II of Plaintiff's Complaint for Failure to State a Claim (D.I.15) is *DENIED*;

2) Travel Air's Motion to Dismiss for Lack of Personal Jurisdiction (D.I.15) is *DENIED*.